AO 106 (Rev. 04/10)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

District of Kansas

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>the Premises and Devices located at 1500 E Tall Tree<br>Road, #31-201, Derby, Kansas,<br>as further described in Attachment A | )<br>)<br>)<br>)<br>)<br>)    Case No.    22-M-6309-01-KGG |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
the Premises and Devices located at 1500 E Tall Tree Road, #31-201, Derby, Kansas, as further described in Attachment A

located in the _____ District of _____ Kansas _____ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2252/2252A | Possession/Receipt/Distribution of Child Pornography |

The application is based on these facts:

See Attached Affidavit of Probable Cause.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Kaylah S. Paetow, SA, USAF OSI
*Printed name and title*

**Telephonically**

Sworn to before me and signed ~~in my presence~~.

Date: **Nov 10, 2022** _____

_____
*Judge's signature*

City and state:   Wichita, KS _____

The Honorable Kenneth G. Gale
*Printed name and title*

### AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Kaylan S. Paetow, Special Agent, United States Air Force Office of Special Investigations (OSI), being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I have been a Special Agent with OSI since August 31, 2021, and am currently assigned to the Office of Special Investigations (OSI)[1] Detachment 321 (Det 321), McConnell AFB (MAFB), KS. I graduated from the Criminal Investigator Training Program and the Basic Special Investigator Course at the Federal Law Enforcement Training Center, in Glynco, GA. Most of the crimes I have investigated since that time have been related to sexual assault, rape, child pornography, or aggravated assault. I am an active duty military member and a Special Agent with the Office of Special Investigations. As such, pursuant to Rule 41 (b), Fed. R. Crim. P. and Section 60.2 of Title 28 of the Code of Federal Regulations, I am a federal law enforcement officer and I am authorized to request the issuance of a search warrant.

2.      I make this affidavit in support of an application for a warrant to search the premises and devices located at 1500 E Tall Tree Rd, Apt 31201, Derby, Kansas (RESIDENCE) further described in Attachment A, for the things described in Attachment B.

3.      This affidavit is submitted in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant for the RESIDENCE specifically described in Attachment A of this affidavit, including any STORAGE MEDIUM as described in Attachment B, and any person located at the RESIDENCE, for contraband and evidence, fruits, and

---

[1] OSI is a U.S. federal law enforcement agency that reports directly to the Inspector General, Office of the Secretary of the Department of the Air Force. OSI provides professional investigative services to commanders of all Department of the Air Force activities. Its primary responsibilities are criminal investigations and counterintelligence services.

instrumentalities of violations of Title 18, United States Code, Sections 2252 and 2252A, which items are more specifically described in Attachment B of this Affidavit.

4.      The statements in this affidavit are based in part on information provided by Dropbox, Google, Cox, the National Center for Missing and Exploited Children (NCMEC), and other law enforcement officers, including Wichita Police Department (WPD), OSI Det 321, and on my review and investigation into this matter.  Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that contraband and evidence, fruits, and instrumentalities of violations of 2252A(a)(2) (distribution/receipt of child pornography) and 2252A(a)(5)(B) (possession of child pornography) are presently located at the RESIDENCE described in Attachment A. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

### Examination of Previously Seized Evidence

5.      On February 16, 2022, OSI executed a search of RESIDENCE based on a search warrant (22-M-6023-01-KGG) issued by the United States District Court for the District of Kansas.

6.      Highly summarized, that warrant was based on a CyberTip report submitted by Dropbox on August 19, 2021,[2] reporting a user had uploaded two files depicting an apparent underage child engaged in sexually explicit conduct to its servers, on or about August 18, 2021(described below).

---

[2] The prior search warrant incorrectly identified the date of submission to NCMEC as September 3, 2021.

   a.  The first image identified by Dropbox as child pornography (identified as 2016-03-27 03.40.01 (1).mp4) is a video file approximately 18 seconds in length. The video shows an age difficult to determine female, wearing a white long sleeve shirt, squatting down and inserting a black hairbrush into her vagina.

   b.  The second image identified by Dropbox as child pornography (identified as 2021-05-22 03.24.51.mov) is a video file approximately 20 seconds in length. The video shows a topless prepubescent female child with blonde hair lying to the side of a white adult male, who has his erection exposed through the fly of his shorts. The female child introduces herself as "Brooklyn" and says she is doing another video today where she will be doing a "deepthroat". The female then inserts the erect penis into her mouth twice.

The reported information also included the user's email address and IP addresses, which additional investigation connected to Jacob BERG and his residence at 1500 E Tall Tree Rd 31201, Derby, Kansas. Additionally, a state search warrant to Dropbox had revealed the presence of additional child pornography, including images and videos of prepubescent children engaged in sex acts such as sexual intercourse and oral sex. Because BERG was enlisted in the Air Force assigned to MAFB, the matter was referred to OSI at MAFB, who obtained and executed the search warrant.

   7.  During the search, several devices containing evidence associated with the child pornography activity were located. BERG identified all of the devices, except for an Alienware laptop[3] and a Lenovo laptop[4], belonged to or were used by him. Members of Wichita ICAC assisted with a forensic review of all laptops and iPhones that were recovered.

   8.  BERG's iPhone 13 was found to contain 208 saved CGI/animation-Child Exploitative images. For example, one image depicts an animated female toddler with short brown hair, wearing a blue shirt that says "Candy Girl" and has her underwear around her ankle, squatting onto an animated adult male penis and a second image depicts an animated adult male, naked,

---

[3] BERG advised the Alienware laptop belonged to an associate. That associate confirmed that he had given the laptop to BERG that morning (February 16) to do some work on it.

[4] BERG advised he gave the Lenovo laptop to his wife for her use. This device was found in a plastic tub, and forensic examination revealed no evidence of child pornography activity.

laying on his back, with an animated naked adult female laying on her stomach over his right leg.
On his left leg, laying on her stomach, is an animated naked female toddler, with the adult male
penis in her mouth.

9.      BERG's   iPhone   13   also   revealed   an   email   from   Dropbox   to
jakeroflcopter@gmail.com, on August 20, 2021, responding to a question submitted to Dropbox,
with the subject line "DB: Account disabled" with a ticket # 1408416. This correspondence shows
BERG was aware his account had been disabled around the time that Dropbox reported (and
disabled) the account.

10.     BERG's iPhone 13 also included an email from Dropbox, on January 10, 2022,
stating:

> Dear Dropbox User,
>         Dropbox has received a search warrant from the Wichita Police Department for the
> disclosure of the following information related to the Dropbox account associated with this
> email address.
>         -Subscriber information, including name, email address, and length of service
>         -Logs associated with account access, including timestamps and IP addresses
>         -Account content
> We complied on 9/23/2021.
>         For more information about this request, you may wish to contact the party seeking
> this information.  A copy of the legal request may be provided upon request.
>         We at Dropbox cannot give legal advice.  If you have any questions about this
> matter, please consult with an attorney.
>
> Thanks,
> Dropbox Legal Team

11.     BERG's Dell laptop was examined and observed to contain a 1 terabyte hard drive
and an optical media drive. The laptop also had external storage connections consisting of
Universal Serial Bus (USB) ports and an SD card reader.

12.     Absent some customization, the typical configuration for computer storage for a
Windows-based operation system, such as one would anticipate on the Dell laptop, would use the

following drive letter assignments: the hard drive would be assigned drive letter of C; the optical media drive would be assigned drive letter of D; and the USB/SD Card readers drive letter(s) starting with E and so on.

13.     Forensic examination of the Dell laptop identified jump lists, which are a list of recent files that have been opened or attempted to be opened, and are automatically populated by the system.  Jump list entries on the Dell laptop included entries such as:

    a.  E:\New folder\cp\keep\file 360x640 00m20s_000219.mp4

    b.  E:\mega sync\vo\twitter_20200323_013712.mp4

    c.  E:\sort\2021__07\IMG_2229.mp4

These entries indicate that one or more external storage devices, such as a USB or SD card, had been connected to the Dell laptop to view stored video files. Importantly, the first example indicated that such device had been used to access a file whose filepath included a reference to "cp," an acronym known to be a frequently used by child pornographers to identify "child pornography." Further, that example had a creation date of September 5, 2021 at 11:30:40 UTC, which is in close temporal proximity to Dropbox's report, suggesting the user resorted to using a local storage device for child pornography after the user's online storage had been detected and disabled.

14.     Likewise, forensic examination of the Dell laptop identified link files, commonly called "shortcuts", are files that contain links or pointers to other items (e.g. programs, data files, folders and printers) and end with an ".lnk" extension. They allow the user to gain quick access to frequently used items; some are created by the user, while others by the Windows operating system.  The Dell laptop contained link file entry: "E:\New folder\cp\keep". This entry indicates the user had frequently, or repeatedly, navigated through and accessed the folder bearing a

commonly known acronym for child pornography, which was located on an external drive assigned the "E" drive letter.

15.     Forensic examination of the Dell laptop revealed four external USB storage devices had been connected to (and disconnected from) the laptop, between September 5 and 6 of 2021. These included:

  a.  a device identified as a "WD Elements 2621 USB Device," with a first install date of 9/5/2021 at 11:19:45 UTC. This device was last inserted on 9/6/2021 at 4:21:35 UTC and last removed on 9/6/2021 at 4:28:32 UTC.

  b.  a device identified as a "SanDisk SanDisk Ultra USB Device," with a first install date of 9/5/2021 at 11:25:14 UTC. This device was last inserted on 9/5/2021 at 11:25:14 UTC and last removed on 9/5/2021 at 11:25:21 UTC.

  c.  a device identified as a "JetFlash Transcend 8GB USB Device," with a first install date of 9/5/2021 at 11:25:33 UTC. This device was last inserted on 9/5/2021 at 11:25:33 UTC and last removed on 9/5/2021 at 11:26:05 UTC.

  d.   a device identified as a "FLASH Drive SM_USB20 USB Device," with a first install date of 9/5/2021 at 11:26:14 UTC. This device was last inserted on 9/5/2021 at 11:26:14 UTC and last removed on 9/5/2021 at 11:26:48 UTC. This device also had an associated user account of Geekub, with a last assigned drive letter of "F:" indicating that another device was occupying the "E" drive at the time it was plugged in.

16.     The devices identified in paragraphs 15b-15d above showed the first install and last inserted dates were the same. This indicates that date was the only time the device was inserted into the Dell laptop. Conversely, the device in paragraph 15a (the WD Elements 2621 USB Device) showed that it had been first installed/inserted before the other three, but had a different (later) "last inserted" date, indicating the device at 15a may have remained inserted at the time the other three devices had been sequentially inserted. This is likely for two reasons:

  a.  First, of the three sequentially-inserted-and-removed devices  (15b-15d), the last device (15d) had an assigned drive letter of F at the time it was inserted. Because the other two devices (15b and 15c) had been removed by then, some other device would have been occupying the E drive at the time of insertion. The only other connected device identified by the Dell laptop was the device in 15a.

    b. Second, the link file (identified in paragraph 13a above) shows access to a device in the E drive on September 5, 2021 at 11:30:40 UTC, which was after the three sequentially-inserted-and-removed devices (15b-15d) had last been removed from the Dell laptop. As only one other device had been connected to the laptop (the device in 15a, the WD Elements 2621 USB device), it is reasonable to conclude that this device was plugged in and occupying the E drive at that time.

17.    Forensic examination of the Dell laptop located numerous deleted[5] picture files and thumbnail[6] images connected to the sexual exploitation of a child or children. These included 5 deleted images and 73 thumbnail images of children engaged in sexual activity and 3 deleted images and 40 thumbnail images of nude/partially nude children. As an example, this included a file (identified by an MD5 hash value ending in 897cc47c) found under the "Geekub" user profile, in a Windows Explorer thumbnail depicting a prepubescent female being penetrated by an adult penis. As another example, this included a file (identified by an MD5 hash value ending in 7c631eaa) found under the "Geekub" user profile, in a Windows Explorer thumbnail depicting a prepubescent female being penetrated by an adult penis.[7] As another example, this included a file (identified by an MD5 hash value ending in 1b09496c) found under the "Geekub" user profile, in a Windows Explorer thumbnail depicting a prepubescent female, holding a tablet and wearing a black shirt, with her legs spread open and an adult inserting his penis into her vagina. The image includes a watermark or text of a website URL.

18.    During the February 16 search, agents did not find any removable storage devices that would connect to the Dell laptop in the residence.

---

[5] Deleted Files are files deleted by the user and their entries in the file system are marked as being available for use for saving future folders/files, but their file system entries and data still exist.

[6] A thumbnail is a miniature representation of a page or an image used to identify a file by its contents. The thumbcache is a centralized file for each user and there will be different ones for the different pixel sizes. Unlike thumbs.db, thumbcache renames the thumbnail files. Generally, resolving the thumbnail to the original image requires that the original file be present on the machine.

[7] While the nature and content of the depiction is similar, this is a different image.

19.     Examination of BERG's Asus laptop revealed it had a Windows install date of January 27, 2022 at 23:03:39. This device was found in BERG's backpack in the residence. The timing of the install date is notable because it is 17 days after BERG received the email from Dropbox (on January 10, 2022). The timing of the email, and (re)installation of the operating system onto the laptop suggested an effort to destroy evidence on the Asus laptop.

20.     While the Asus laptop would indicate BERG undertook some effort to destroy evidence, the contents of the Dell laptop and iPhone 13 indicate that BERG's efforts were neither complete nor entirely effective. Moreover, because BERG appears to have used multiple devices, it is likely that BERG may not have undertaken (and did not undertake) the same efforts on all of the devices he used in his child pornography activities. Likewise, as BERG did not rid himself of his devices, it is likely he similarly retained the storage devices.

21.     Because there are numerous jump list and link file entries showing a previously connected removable storage devices on the Dell laptop, I have reason to believe that there may be removable storage devices still in BERG's residence, that contain child pornography, either as saved content or in unallocated space.

22.     Additionally, given the close temporal proximity between Dropbox's report and the link file creation for "E:\New folder\cp\keep\file 360x640 00m20s_000219.mp4", it is probable that BERG did not destroy his collection, but simply shifted his storage strategy to one or more removable storage devices when his Dropbox account was disabled.

23.     On November 1, 2022, a Grand Jury indicted BERG for Distribution and Possession of Child Pornography, violations of 18 U.S.C. § § 2252(a)(2) and (a)(5)(B) respectively.

24.     On November 7, 2022, BERG was arrested for the Indictment, and found in possession with an iPhone smartphone.

25.     On November 7, 2022, investigators contacted Robin Berg (BERG's wife) and learned they had obtained a new computer, an Alienware laptop. Robin Berg provided this laptop to law enforcement and consented to the search of the device and unlocked the laptop for law enforcement by entering the PIN.

26.     Initial examination showed the Alienware laptop revealed that a Western Digital passport external drive had been connected to it. Comparison of the serial number for this external device showed it had also been connected to the Asus laptop.

27.     Additionally, the Alienware laptop also showed artifacts of access to a TOR (The Onion Router) URL. TOR is used by individuals who want to anonymize their IP address, and is known to be used by child pornography traffickers to thwart detection by law enforcement. While the usage of TOR is not limited to child pornographers, BERG's prior involvement with child pornography and his awareness of law enforcement scrutiny would suggest that BERG is attempting to avoid detection while returning to conduct.

28.     Based on my investigative experience related to child exploitation investigations, and the training and experience of other law enforcement officers with whom I have had discussions, I know there are certain characteristics common to individuals who access online child sexual abuse and exploitation material via a website or via file-sharing:

  a.  Such individuals may receive sexual gratification, stimulation, and satisfaction from contact with children, or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media, or from literature describing such activity.

  b.  Such individuals may collect sexually explicit or suggestive materials in a variety of media, including photographs, magazines, motion pictures, videotapes, books, slides and/or drawings or other visual media. Individuals who have a sexual interest

in children or images of children oftentimes use these materials for their own sexual arousal and gratification. Further, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.

c.  Such individuals almost always possess and maintain child pornographic material in the privacy and security of their home or some other secure location. Individuals who have a sexual interest in children or images of children typically retain those materials and child erotica for many years.

d.  Likewise, such individuals often maintain their child pornography images in a digital or electronic format in a safe, secure and private environment, such as a computer and surrounding area. These child pornography images are often maintained for several years and are kept close by, usually at the possessor's residence, inside the possessor's vehicle, or, at times, on their person, or in cloud-based online storage, to enable the individual to view the child pornography images, which are valued highly. Some of these individuals also have been found to download, view, and then delete child pornography on their computers or digital devices on a cyclical and repetitive basis.

e.  Importantly, evidence of such activity, including deleted child pornography, often can be located on these individuals' computers and digital devices through the use of forensic tools. Indeed, the very nature of electronic storage means that evidence of the crime is often still discoverable for extended periods of time even after the individual "deleted" it.[8]

f.  Such individuals also may correspond with and/or meet others to share information and materials, rarely destroy correspondence from other child pornography distributors/possessors, conceal such correspondence as they do their sexually explicit material, and often maintain contact information (e.g. online messaging accounts, email addresses, etc.) of individuals with whom they have been in contact and who share the same interests in child pornography.

g.  Such individuals prefer not to be without their child pornography for any prolonged time period. This behavior has been documented by law enforcement officers involved in the investigation of child pornography throughout the world.

h.  Even if the target uses a portable device (such as a mobile phone) to access the Internet and child pornography, it is more likely than not that evidence of this access

---

[8] *See United States v. Carroll*, 750 F.3d 700, 706 (7th Cir. 2014) (concluding that 5-year delay was not too long because "staleness inquiry must be grounded in an understanding of both the behavior of child pornography collectors and of modern technology"); *see also United States v. Seiver*, 692 F.3d 774 (7th Cir. 2012) (Posner, J.) (collecting cases, e.g., *United States v. Allen*, 625 F.3d 830, 843 (5th Cir. 2010); *United States v. Richardson*, 607 F.3d 357, 370-71 (4th Cir. 2010); *United States v. Lewis*, 605 F.3d 395, 402 (6th Cir. 2010)).

will be found in the target's home, including on digital devices other than the portable device (for reasons including the frequency of "backing up" or "syncing" mobile phones to computers or other digital devices).

29.     From the CyberTip and forensic examination of BERG's devices, BERG appears to share the characteristics common to these individuals. BERG has gained apparent access to child pornography, stored it to a Dropbox account as well as to a (hidden) local storage device, and has used multiple devices to facilitate his access.

30.     The examination of the Dell Laptop showed that BERG knew he was in possession of child pornography by labeling or accessing a folder on a plugged in storage medium bearing the title "cp".  The nomenclature indicates that BERG planned on keeping the child pornography, as the folders were titled "cp\keep".  It is thus likely and probable that BERG has a removable storage device, or devices, containing child pornography in a location that is under his control and easily accessible to him. Moreover, given that BERG knew that his online storage had been reported, it is likely BERG decided to move his materials to a safer location under his own control, i.e., a removable storage device.

31.     Additionally, the fact that BERG has hidden at least one device, and possibly as many as four, would suggest that he is attempting to thwart detection of materials or evidence on that device or devices.

## CONCLUSION

32.     Based on the foregoing, there is probable cause to believe that the federal criminal statutes cited herein have been violated, and that the contraband, property, evidence, fruits, and instrumentalities of these offenses, more fully described in Attachment B, are located at the locations described in Attachment A.  I respectfully request that this Court issue a search warrant

for the locations described in Attachment A, authorizing the seizure and search of the items described in Attachment B.

33.     I am aware that the recovery of data by a computer forensic analyst takes significant time; much the way recovery of narcotics must later be forensically evaluated in a lab, digital evidence will also undergo a similar process.  For this reason, the "return" inventory will contain a list of only the tangible items recovered from the premises.  Unless otherwise ordered by the Court, the return will not include evidence later examined by a forensic analyst.

Kaylah S. Paetow Special Agent
Office of Special Investigations (OSI)
United States Air Force

Telephonically

Sworn and subscribed before me this __10__ day of November, 2022.

THE HONORABLE KENNETH G. GALE
UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT A**

**RESIDENCE to be Searched**

This warrant authorizes the search of the premises and devices located at 1500 E Tall Tree Rd,
Apt#31-201, Derby, Kansas. This RESIDENCE is brick with white accents and trim, wood
paneled residential apartment building structure, facing North with 201 above the front door of the
apartment and a white 31 marked on a brown plaque at the top of the apartment building.
Apartment 201 is a second floor apartment accessible by dark colored outdoor stairs, identified in
the below photograph as the first door on the left at the top of the stairs.

Attached is a photo of the RESIDENCE and its geographical location:







**ATTACHMENT B**

**ITEMS TO BE SEIZED**

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely violations of 18 U.S.C. § 2252A (Distribution/Receipt/Possession of Child Pornography):

1. Storage media used as a means to commit the violations described above.

2. For any storage media whose seizure is otherwise authorized by this warrant, and any storage media that contains or in which are stored records or information that is otherwise called for by this warrant (hereinafter, "STORAGE MEDIUM"):

   a) evidence of who used, owned, or controlled the STORAGE MEDIUM at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved user names and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

   b) evidence indicating how and when the STORAGE MEDIUM was accessed or used to determine the chronological context of STORAGE MEDIUM access, use, and events relating to the crime(s) under investigation and to the STORAGE MEDIUM user;

   c) evidence of the attachment of the STORAGE MEDIUM to other storage devices or similar containers for electronic evidence;

   d) evidence of programs (and associated data) that are designed to eliminate data from the STORAGE MEDIUM;

   e) evidence of the times the STORAGE MEDIUM was used;

    f) passwords, encryption keys, and other access devices that may be necessary to access the STORAGE MEDIUM;

    g) documentation and manuals that may be necessary to access the STORAGE MEDIUM or to conduct a forensic examination of the STORAGE MEDIUM;

    h) contextual information necessary to understand the evidence described in this attachment.

3. Child pornography, as defined in 18 U.S.C. § 2256(8), and child erotica.

4. As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of STORAGE MEDIUM or electronic storage (such as hard disks or other media that can store data).